**Ernest Warren, Jr., OSB #891384**
E-Mail: e.warren@warrenpdxlaw.com
Warren & Sugarman
838 SW First Avenue, Suite 500
Portland, Oregon  97204
Tel: (503) 228-6655
Fax: (503) 228-7019

**Attorney for Defendant Earl D. Fisher**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:18-CR-00319-JO-2 |
| Plaintiff, | REQUEST FOR PRODUCTION |
| v. | |
| EARL D. FISHER, | |
| Defendant. | |

COMES NOW the defendant Earl D. Fisher, by and through his attorney, Ernest Warren,

Jr., and pursuant to the U.S. Constitution, Fed. R. Crim. P.16 and all other applicable rules and

statutes, request the disclosure of the following:

**1.**

**The Defendant's Statements**.  Under Fed. R. Crim. P.16(a)(1)(A), the Defendant is

entitled to disclosure of <u>all</u> copies of any written or recorded statements made by the Defendant;

the substance of any statements made by the Defendant which the Government intends to offer in

evidence at trial; any response by the Defendant to interrogation; the substance of any oral

statements which the Government intends to introduce at trial, and any written summaries of the

Defendant's oral statements contained in the handwritten notes of the Government agent; any

*Page 1 - REQUEST FOR PRODUCTION*

response to any Miranda warnings which may have been given to the Defendant (See *U.S. v. McElroy*, 697 F2d 459 (2nd Cir 1982); and any other statements by the Defendant that are discoverable under Fed. R. Crim. P.16(a)(1)(A).  The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal <u>all</u> the Defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements.

**2.**

**<u>Arrest Reports, Notes and Dispatch Tapes</u>**.  The Defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, by turned over to him.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the Defendant or any other discoverable material is contained.  This is all discoverable under Fed. R. Crim. P.16 (a)(1)(A) and *Brady v. Maryland*, 373 US 83 (1963).  See also *U.S. v. Johnson*, 525 F2d 999 (2nd Cir 1975); *U.S. v. Lewis*, 511 F2d 798 (D.C. Cir 1975); *U.S. v. Pilnick*, 267 F Supp 791 (S.D.N.Y. 1967); *Loux v. U.S.*, 389 F2d 911 (9th Cir 1968).  Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the Defendant are available under Fed. R. Crim. P.16 (a)(1)(B) and (C), Fed. R. Crim. P.26.2 and 12(i).

**3.**

**<u>Reports of Scientific Tests and Examinations</u>**.  Pursuant to Fed. R. Crim. P.16 (a)(1)(D), Defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any fingerprint analysis, that is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are

*Page 2 - REQUEST FOR PRODUCTION*

**WARREN & SUGARMAN**
Attorneys at Law
838 SW First Avenue • Suite 500 • Portland, Oregon  97204
Tel (503) 228-6655 • Fax (503) 228-7019
e.warren@warrenpdxlaw.com

material to the preparation of the defense or which are intended for use by the Government as evidence in chief at the trial.

### 4.

**_Brady_ Material**.  The Defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the Defendant on this issue of guilt and/or which affects the credibility of the Government's case.  Impeachment as well as exculpatory evidence falls within _Brady's_ definition of evidence favorable to the accused.  *U.S. v. Bagley*, 473 US 667 (1985); *U.S. v. Aqurs*, 427 US 97 (1976).  This request specifically includes any information about out-of-court identifications of Defendant by percipient witnesses to this offense that may cast doubt on their reliability.

### 5.

**Evidence Seized**.  Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P.16(a)(1)(C).

### 6.

**Request for Preservation of Evidence**.  The Defendant specifically requests that all dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of possession, custody, or care of the Government and which relate to the arrest or the events leading to the arrest in this case be preserved.  This request includes, but is not limited to, any samples used to run any scientific tests and any evidence seized from any third party.  It is requested that the Government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

### 7.

**Tangible Objects**.  The Defendant requests, under Fed. R. Crim. P.16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all physical evidence, other

*Page 3 - REQUEST FOR PRODUCTION*

**WARREN & SUGARMAN**
Attorneys at Law
838 SW First Avenue • Suite 500 • Portland, Oregon  97204
Tel (503) 228-6655 • Fax (503) 228-7019
e.warren@warrenpdxlaw.com

documents and tangible objects, including photographs, books, papers, documents, photographs, of building or places or copies of portions thereof which are material to the defense or intended for use in the Government's case-in-chief, or were obtained from or belong to the Defendant.

## 8.

**Evidence of Bias or Motive to Lie**.  The Defendant requests any evidence that any prospective Government witness is biased or prejudiced against the Defendant, or has a motive to falsify or distort his or her testimony.  *Pennsylvania v. Ritchie*, 480 US 39 (1987); *U.S. v. Strifler*, 851 F2d 1197 (9th Cir 1988).

## 9.

**Impeachment Evidence**.  The Defendant requests any evidence that any prospective Government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the Defendant.  See Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under *Brady v. Maryland*.  See *U.S. v. Strifler*, 851 F2d 1197 (9th Cir 1988) (witness' prior record); *Thomas v. U.S.*, 343 F2d 49 (9th Cir 1965) (evidence that detracts from a witness' credibility).

## 10.

**Evidence of Criminal Investigation of Any Government Witness**.  The Defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  *U.S. v. Chitty*, 760 F2d 425 (2nd Cir.) cert. denied, 474 US 945 (1985).

## 11.

**Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**.  The Defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember,

*Page 4 - REQUEST FOR PRODUCTION*

communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *U.S. v. Strifler*, 851 F2d 1197 (9th Cir 1988); *Chavis v. North Carolina*, 637 F2d 213, 224 (4th Cir 1980).

## 12.

**Names of Witnesses Favorable to the Defendant**.  The Defendant requests the name of any witness who made an arguably favorable statement concerning the Defendant.  *Jackson v. Wainwright*, 390 F2d 288 (5th Cir 1968); *Chavis v. North Carolina*, 637 F2d 213, 223 (4th Cir 1980); *Jones v. Jago*, 575 F2d 1164, 1168 (6th Cir.), cert. denied, 439 US 883 (1978); *Hudson v. Blackburn*, 601 F2d 785 (5th Cir 1979), cert. denied, 444 US 1086 (1980).

## 13.

**Statements Relevant to the Defense**.  The Defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert.  *U.S. v. Bailleaux*, 685 F2d 1105 (9th Cir 1982).  This includes in particular any statements made by percipient witnesses about identification of the perpetrators of this offense in general and about Defendant in particular.

## 14.

***Jencks Act* Material**.  The defense requests all material to which Defendant is entitled pursuant to the *Jencks Act*, 18 USC §3500, and Fed. R. Crim. P.26.2.  These materials are producible after a witness testifies at a pre-trial motion to suppress, Fed. R. Crim. P.12(i) and after a witness testifies at trial.  18 US §3500.  Defendant specifically requests pre-trial production of these statements so that the Court may avoid unnecessary recesses and delays for defense counsel to properly use any *Jencks* statements and prepare for cross-examination.

## 15.

***Giglio* Information**.  Pursuant to *Giglio v. U.S.*, 405 US 150 (1972), the Defendant requests all statements and/or promises, express or implied, made to any Government witnesses,

**WARREN & SUGARMAN**
Attorneys at Law
838 SW First Avenue • Suite 500 • Portland, Oregon  97204
Tel (503) 228-6655 • Fax (503) 228-7019
e.warren@warrenpdxlaw.com

in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witness.

**16.**

**<u>Government Examination of Law Enforcement Personnel Files</u>**.  Defendant requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the Government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting the confidential informant in this case.  Defendant requests that these files be reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *U.S. v. Henthorn*, 931 F2d 29 (9th Cir 1991).  The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in *Henthorn* remanded for in camera review of the agents' files because the Government failed to examine the files of agents who testified at trial.  This Court should therefore order the Government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Defendant prior to trial.  Defendant also notes although Ninth Circuit in *U.S. v. Jennings*, 960 F2d 1488 (9th Cir 1992), refused to require the prosecutor to personally review each file, the Court reaffirmed the Government's duty to inspect files.

DATED this 11 day of July 2018.


RESPECTFULLY SUBMITTED,

/s/ Ernest Warren, Jr.

_____

**Ernest Warren, OSB No. #891384**
Attorney for defendant


*Page 6 - REQUEST FOR PRODUCTION*

## CERTIFICATE OF SERVICE

I hereby certify that I have served the **REQUEST FOR PRODUCTION** in the attached matter upon the parties listed below by notice of electronic filing using the CM/ECF System as follows:

**Leah K. Bolstad**
U.S. Attorney's Office
District of Oregon
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204
503-727-1117
Fax: 503-727-1101

and filed the original with the Court on the date listed below.

DATED this 11 day of July, 2018.

**WARREN & SUGARMAN**

/S/ Ernest Warren, Jr.

_____

**Ernest Warren, Jr. OSB No. 891384**
Attorney for defendant

*Page 7 - REQUEST FOR PRODUCTION*