BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**LEAH K. BOLSTAD, OSB #052039**
Assistant United States Attorney
Leah.Bolstad@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1000
Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:18-CR-00319-02-JO |
| v. | GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION |
| EARL DEVERLE FISHER, | |
| Defendant. | |

The United States of America, by and through Billy J. Williams, United States Attorney for the District of Oregon, and Leah K. Bolstad, Assistant United States Attorney, hereby requests an order to detain defendant pre-trial as he presents a danger to the community and a risk of flight or non-appearance.

**I.       PROCEDURAL BACKGROUND**

On June 28, 2018, a federal grand jury returned an indictment charging defendant with Murder in Aid of Racketeering (Count 1, 18 U.S.C. § 1959(a)(1)); Kidnapping in Aid of Racketeering, Resulting in Death (Count 2, 18 U.S.C. § 1959(a)(1)); Kidnapping, Resulting in Death (Count 3, 18 U.S.C. § 1201(a)(1)); and Conspiracy to Commit Kidnapping, Resulting in

Death (Count 4, 18 U.S.C. § 1201(c)). The indictment includes notice of special findings as to Counts 1 and 3, including that defendant Fisher intentionally killed the victim and intentionally inflicted serious bodily injury that resulted in the death of the victim. (ECF No. 1, page 8).

On July 10, 2018, defendant Fisher made his initial appearance in this federal case. He appeared by writ from Multnomah County, where he has been in custody since April 2016 pending murder charges stemming from the same incident that gives rise to this federal indictment. The United States Pretrial Office reviewed defendant's criminal history from 1989-2014, performance on supervised release, and based on this history, pretrial recommended detention. In its report, Pretrial noted defendant's past performance in the criminal justice system includes eleven (11) failures to appear, at least ten (10) probation violations, and seven (7) revocations of supervision. The government joined Pretrial's recommendation for detention. The Honorable Judge Acosta ordered defendant detained based on risk of danger to the community and risk of flight. (ECF No. 19).

## II.  ANALYSIS

Defendant filed a motion for release with a proposal to reside with his wife in Southeast Portland. Defense counsel's declaration states, "There is no risk that Mr. Fisher will obstruct or attempt to obstruct justice, or threaten, injury, or intimidate a prospective witness." (Decl. ¶ 4.) Defendant's motion also minimizes his prior criminal history as non-violent and ignores his lengthy history of supervision failures and failures to appear in court proceedings.

There is nothing in defendant's proposed release plan to mitigate the risk of danger to the community, especially the witnesses in this case. The proposed release address is the same residence where defendant lived when he allegedly committed the instant murder offense. The injuries he suffered in 2007 pre-date his involvement in the instant murder offense, so the idea

that he is too feeble to hurt anyone strains credulity. He routinely failed to appear for court appearances in the past, and given that he now faces extremely high sentencing exposure of Life or Death if convicted, he has a much greater incentive than ever before to flee the jurisdiction and/or the United States.

In its detention order (ECF No. 19), the Court checked the below-listed boxes as reasons why <u>there are no conditions</u> or combination of conditions that can ensure the safety of the community nor assure defendant's appearance in court.

- ✓ Prior criminal history, drug offenses & alcohol related
- ✓ Prior supervision failures
- ✓ Prior failures to appear
- ✓ Substance use/abuse
- ✓ Mental health issues
- ✓ Nature of offense
- ✓ Possession of a Weapon
- ✓ Violent Behavior
- ✓ Other: Gypsy Joker Member

These risk factors remain at issue, and defendant's proposed release plan does very little to address these concerns. In this case, the evidence shows that defendant presents both a flight risk and a danger to the community. Any combination of pretrial conditions, regardless of how strictly worded, will "contain one critical flaw. In order to be effective, they depend on [defendant's] good faith compliance." *Hir*, 517 F.3d at 1092. Here, defendant's history and characteristics cast serious doubt on whether he is worthy of the Court's trust, and whether he is capable of good faith compliance.

    1.   **Nature and Circumstances of the Offense**

The nature and circumstances of this offense weigh heavily in favor of detention. The indictment in this case alleges defendant kidnapped and murdered a victim in late June 2015. Notably, the charged offenses allege defendant committed these crimes *in aid of racketeering*, and specifically for the Gypsy Joker Outlaw Motorcycle Club (the enterprise).

### 2. Weight of the Evidence

The weight of the evidence is strong and supports detention here. This indictment arises from a long-term federal investigation that includes numerous witness statements, surveillance video, eyewitness testimony, phone toll records, cell tower location records (obtained with search warrants), and post-arrest admissions by defendant.

### 3. History and Characteristics of the Defendant/Release Status

This factor also weighs against defendant. Defendant has a lengthy criminal history that includes supervision failures and failures to appear. His history includes drug offenses, drunk driving offenses and crimes of violence as recently as his 2010 conviction for Unlawful Use of a Weapon – such convictions are based on *active* use of weapons and not mere possession. In July 2014, authorities arrested defendant in Utah along with several other Gypsy Joker members. Based on the pretrial report, it appears that his conviction for Possession of a Controlled Substance did not occur until November 2016. This means he committed the instant murder offense (July 1, 2015), while pending an out-of-state drug prosecution. In other words, his recent criminal history establishes that he continues to pose a danger to the community even while pending prosecution.

### 4. Nature and Seriousness of the Danger if Released

The indictment alleges that this racketeering enterprise is a criminal organization whose members engage in offenses involving narcotics trafficking and acts of violence involving murder, robbery, extortion, firearms offenses and obstruction of justice. (ECF No. 1, ¶ 1). Members of the enterprise share a common purpose to preserve and protect their territory through the use of intimidation, violence, and threats of violence. (ECF No. 1, ¶ 11b). Thus, the government is concerned that if released, this defendant will engage in conduct the Bail

Reform Act cites as problematic: the obstruction or attempted obstruction of justice through acts of violence or intimidation towards prospective witnesses. 18 U.S.C. § 3142(f)(2)(B). While in custody pending state murder charges, defendant made admissions to at least two other inmates about the murder, and the fact that the victim was tortured before his death. Defendant also requested the assistance of another inmate in "handling" a witness.

Defendant is a self-proclaimed member of the Gypsy Joker Outlaw Motorcycle Club, he held the rank of Vice President of the Portland Chapter, and as such, he has the ability and resources to direct others to engage in obstructive activity. Keeping him in custody pending trial will restrict his access to these resources and ensures that whatever plans he may have to obstruct justice can be monitored by investigators and jailors.

### III.   CONCLUSION

In summary, the relevant inquiry for the court is whether there are conditions that can be placed upon defendant that will reasonably assure the safety of the community and defendant's appearance in court. Here, there are none. If released "on conditions," defendant's history, characteristics, and trajectory through the justice system, demonstrate that he is undeterred and despite his 2007 injury falling from a roof, he continues to engage in conduct that puts others at grave risk. Defendant's serious criminal history, including violent weapons offenses and drug crimes suggests a high risk of reoffending if released. Accordingly, the government respectfully requests that the Court detain defendant pending trial.

Dated:   July 18, 2018                                          Respectfully submitted,

                                                                BILLY J. WILLIAMS
                                                                United States Attorney

                                                                */s/ Leah K. Bolstad*
                                                                LEAH K. BOLSTAD, OSB #052039
                                                                Assistant United States Attorney